933 So.2d 3 (2006)
STATE of Florida, Appellant,
v.
L.L., Appellee.
No. 2D05-71.
District Court of Appeal of Florida, Second District.
April 21, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard E. MacDonald, Assistant Attorney General, Tampa, for Appellant.
No appearance for Appellee.
LaROSE, Judge.
L.L. pleaded guilty to the charge of battery on a teacher, a school board employee. The trial court withheld adjudication. The trial court also ruled that L.L. was not required to provide a DNA sample. *4 The State appeals that ruling. Section 943.325, Florida Statutes (2004), requires DNA testing of persons convicted of forcible felonies. L.L. used force in committing the offense. Consequently, we must reverse.
Section 943.325 requires blood or other biological specimen testing for DNA analysis of "[a]ny person who is convicted ... [for] any forcible felony, as described in s. 776.08 ...." § 943.325(1)(a), (b)(4) (emphasis added). "Any person" includes juveniles under Department of Juvenile Justice (DJJ) supervision. § 943.325(1)(c). L.L. falls within this category because the trial court ordered him to complete a DJJ-supervised juvenile arbitration program.
"Convicted" in the case of a juvenile includes a finding of guilt or a plea of guilty, regardless of adjudication of delinquency. § 943.325(10)(d). Although the trial court withheld adjudication, L.L. pleaded guilty to the charged offense. "Forcible felony" includes:
treason; murder; manslaughter; sexual battery; carjacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual.

§ 776.08, Fla. Stat. (2004) (emphasis added).
Battery on a school board employee is a third-degree felony. § 784.081(2)(c), Fla. Stat. (2004). The record establishes that L.L. used physical force against a teacher. Indeed, L.L. "shoved and pushed using his body, pushing [the victim] backwards while [the] victim tried to protect the class from [L.L.]." Thus, L.L.'s offense, to which he pleaded guilty, falls within the ambit of section 943.325 and L.L. must provide a DNA sample.
Reversed.
WALLACE, J., and THREADGILL, EDWARD F., Senior Judge, Concur.